11-2637-cv
A.S. v. N.Y.C. Dep't of Educ.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand fourteen.

Present:      GUIDO CALABRESI,
              ROSEMARY S. POOLER,
              REENA RAGGI,
                      *Circuit Judges.*

───────────────────────────────────────────

A.S., a minor by and through his Parents
and Next Friends, Mr. and Mrs. S.,

                      *Plaintiff-Appellant*,

              -v-                                          11-2637-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
CARMEN FARINA, in her official capacity as Chancellor of
New York City Schools,[*]

                      *Defendants-Appellees*.

───────────────────────────────────────────

Appearing for Appellant:      Michele Kule-Korgood, Kule-Korgood, Roff and Associates
                              PLLC (Tamara Jean Roff, Kule-Korgood, Roff, Thomas A. Arena,
                              Esq., Milbank, Tweed, Hadley & McCloy LLP, New York, N.Y.,
                              *on the brief*), Forest Hills, N.Y.

─────────────────────

[*] Carmen Farina is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Appearing for Appellees:    Suzanne K. Colt (Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow, John Butha, Alex Fong, G. Christopher Harriss, of counsel, *on the brief*), New York, N.Y.

Appearing for *amicus curiae*
Autism Speaks:    Gary S. Mayerson, Tracey Spencer Walsh, Mayerson & Associates, New York, N.Y*., in support of reversal.*


Appearing for *amici curiae*
Advocates for Children of New York Inc.,
Legal Services NYC—Bronx,
New York Lawyers for the Public Interest,
Partnership for Children's Rights,
 and Queens Legal Services:  Zachary Corey, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC; Douglas F. Curtis, Alan E. Schoenfeld, Jonathan R. Harrington, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY,  *in support of reversal*.

Appeal from the United States District Court for the Eastern District of New York  (Ross, *J.*).


**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.


A.S., by and through his parents Mr. and Mrs. S. (together, "Plaintiffs") appeal from the May 26, 2011 opinion and order and the May 27, 2011 judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) affirming the decision of the state review officer ("SRO") and denying their request for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.


The Supreme Court has established the *Burlington/Carter* test to determine eligibility for reimbursement, which looks to (1) whether the school district's proposed plan will provide the child with a free appropriate public education; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities. *C.F. ex rel. R.F. v. New York City Dep't of Educ.*, 746 F.3d 68, 73 (2d Cir. 2014); *see also Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 13-15 (1993); *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 370 (1985). In order to challenge an IEP, parents must first file a "due process complaint" listing the alleged deficiencies. 20 U.S.C. § 1415(b)(7)(A). If, after a 30-day resolution period, the deficiencies remain, the parents and school district shall enter into an "impartial due process hearing" as provided by state law. *Id.* § 1415(f)(1). Under New York law, the parties first proceed before an independent hearing officer ("IHO"), who is subject to review by an SRO who may affirm or modify the IHO's order. N.Y. Educ. Law § 4404(1), (2). After the SRO issues a decision, both parties are free to bring a civil action in state or federal court to review the SRO's decision. 20 U.S.C. § 1415(i)(2)(A).

2

A.S. is a student with autism. At issue in this case is tuition reimbursement for the 2008-2009 school year. During the 2006-2007 school year, A.S. attended a private school that implemented another type of instruction, Developmental, Individual Difference, Relationship ("DIR") teaching methodology. A.S. regressed under this program and was moved to public school. For the rest of the 2006-2007 school year and all of the 2007-2008 school year, A.S. attended P.S. 101, a school run by the New York City Department of Education (the "DOE"). P.S. 101 utilized a collaborative team teaching ("CTT") method.

On June 4, 2008, a committee on special education ("CSE") met and created an individualized education program ("IEP") for A.S. for the 2008-2009 school year. The IEP recommended that A.S. be placed in a 6:1:1 (6 students, one teacher, one aide) classroom that included occupational, speech, and language therapy, as well as a behavioral management paraprofessional, as supports. The proposed classroom would use the Treatment and Education of Autistic and Communication Related handicapped Children ("TEACCH") methodology, a group teaching method similar to CTT. On July 1, 2008, the DOE sent a final notice of recommendation placing A.S. at P.S. 75. In an August 18, 2008 letter, Mrs. S. rejected the IEP and DOE's proposed placement and unilaterally placed A.S. at the Brooklyn Autism Center Academy ("BAC"). On November 24, 2008, Plaintiffs filed an administrative due process complaint alleging principally that (1) the CSE was not validly constituted and (2) that the 6:1:1 placement was insufficient and inappropriate.

On July 9, 2009, an impartial hearing officer ("IHO") found that (1) the DOE failed to provide a FAPE, (2) BAC was an appropriate private placement, and (3) the equities favored the Plaintiffs. The IHO awarded Plaintiffs tuition reimbursement. The DOE appealed to a SRO, who reversed the IHO decision. Plaintiffs then appealed to the district court. On May 26, 2011, the district court granted the DOE's motion for summary judgment, affirming the SRO and denying Plaintiffs' claim for tuition. This appeal followed.

"The standard of review 'requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete *de novo* review.'" *C.F.*, 746 F.3d at 77 (*quoting M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012) (internal quotation marks, ellipses, and brackets omitted)). "Where the IHO and SRO disagree," we "defer to the reasoned conclusions of the SRO as the final state administrative determination." *M.H.* at 246. "However, where the SRO's determinations are insufficiently reasoned to merit deference, the courts should defer to the IHO's analysis." *C.F.*, 746 F.3d at 77. "Additionally, the courts should defer to the IHO's analysis when considering an issue not reached by the SRO." *Id.* We review the decision of the district court de novo. *Id.*

Here, Plaintiffs allege several procedural violations, including that (1) the DOE failed to inform Plaintiffs of the school placement; (2) DOE failed to properly evaluate A.S.; and (3) the DOE failed to include a district representative on the CSE team as required under the IDEA. Plaintiffs also argue substantive inadequacy, namely that the IEP was substantively inadequate because it contained inappropriate goals and objectives and the proposed class site was inappropriate.

The SRO found several of Plaintiffs' claims waived for failure to raise the claims in Plaintiffs' administrative due process complaint. In *C.F.*, we held that "the waiver rule is not to

3

be mechanically applied. The key to the due process procedures is fair notice and preventing parents from 'sandbag[ging] the school district' by raising claims after the expiration of the resolution period." 746 F.3d at 78 (citation omitted).  Here, Plaintiffs assert that by alleging that "the IEP developed at this meeting is insufficient and inadequate to meet [A.S.'s] needs" Plaintiffs put the district on adequate notice that they found the goals and short-term objectives in the IEP inadequate.  As such, they maintain that finding the claims waived was error.  We need not address this argument, however, as both the SRO and district court went on to consider the merits of each of  Plaintiffs' claims, so that the Plaintiffs suffered no harm from the finding of waiver.

As to the substance of Plaintiffs' claims, for substantially the reasons given by the district court in its thorough opinion, we find the procedural and substantive violations alleged by Plaintiffs did not deprive A.S. of a FAPE.  Plaintiffs argue that the IEP goals are not specific enough, that the TEACCH and methodology is inappropriate for A.S., and that the 6:1:1 placement would provide inappropriate peer support for A.S.  As to the goals and placement challenges, the district court explains, by reference to the record, why these challenges are without merit.  Plaintiffs argue that at both the CSE and before the IHO the overwhelming testimony was that the CTT methodology, similar to the TEACCH methodology in the DOE's placement, was inappropriate, and that A.S. required a placement using the Applied Behavior Analysis ("ABA").  But as the district court observed in its review of this testimony, the conclusion was not as certain as Plaintiffs urge.  Moreover,  the school district's witness testified that TEACCH was an appropriate instructional method for A.S.  We are required to give particular deference to state educational authorities on the issue of educational methodology, *see Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982), and on this record it cannot be said that A.S. could only progress in an ABA program.

We have examined the remainder of Plaintiffs' claims and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4